|  |  |
|---|---|
| RIN LAY and HUONG NGUYEN,<br><br>    Plaintiffs,<br>vs.<br><br>MICHAEL S. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 11-CV-1127 MMA (MDD)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>[Doc. No. 2] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On April 21, 2011, Plaintiffs Rin Lay and Huong Nguyen filed a Complaint against Defendant Michael S. Astrue, Commissioner of Social Security. [Doc. No. 1.] Plaintiff Rin Lay has submitted a Motion for Leave to Proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Although only one filing fee is required per case, where there are multiple plaintiffs and only one plaintiff seeks to proceed IFP, a court may consider the availability of funds from the other plaintiffs in determining whether to grant IFP status. *See Nur v. Blake*

*Development Corp.*, 664 F. Supp. 430, 431 (N.D. Ind. 1987).

Plaintiff Lay attests he receives income from social security benefits, has a checking account with a present balance of sixty dollars, and owns no other property.  However, named Plaintiff Nguyen has not submitted an affidavit of assets.  The Court does not have sufficient information to determine whether Plaintiff Nguyen has the available funds to pay the filing fee in this action.  Although parties need not be completely destitute to proceed IFP, a court must employ "the same even-handed care . . . to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I.1984).

Therefore, the Court **DENIES** without prejudice Plaintiffs' motion to proceed IFP. To proceed with this action, Plaintiffs must either pay the $350 filing fee, or submit a renewed motion to proceed IFP along with affidavits from both plaintiffs, on or before ***June 9, 2011***.

**IT IS SO ORDERED.**

DATED: May 26, 2011

Hon. Michael M. Anello
United States District Judge